UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| SHANTELLET BROOKS, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:CV-13-937 |
| | : | |
| v. | : | (Judge Kosik) |
| | : | |
| CAROLYN W. COLVIN, ACTING | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| Defendant. | : | |

_____

**MEMORANDUM**

Before the court are Defendant's Objections (Doc. 17) to the Report and Recommendation of Magistrate Judge Thomas M. Blewitt (Doc. 16) filed on April 17, 2014.  For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge and will remand the action to the Commissioner of Social Security for further proceedings.

BACKGROUND

On September 9, 2009, Plaintiff, Shantellet Brooks, protectively filed a Title II application for a period of disability and disability insurance benefits.  Plaintiff also protectively filed a Title XVI application for supplemental security income.  Plaintiff alleges disability beginning on August 31, 2009.  The claims were denied initially on May 5, 2010.  The Plaintiff filed a request for a hearing, which was held on August 25, 2011, before an Administrative Law Judge.  On October 4, 2011, the Administrative Law Judge issued a decision denying Plaintiff's application for benefits, finding that Plaintiff was not disabled.  The Plaintiff sought review of the Administrative Law Judge's decision by the Appeals Council.  On March 13, 2013,

the Appeals Council denied Plaintiff's request for review.

On April 12, 2013, Plaintiff filed a complaint in the instant action appealing the final decision denying her applications for Social Security Disability Insurance Benefits and for Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. §401-433, 1381-1383(f).  Plaintiff also filed a motion to proceed in forma pauperis, which was granted by the court.  An answer to the complaint, along with the Administrative Record, was filed on June 12, 2013 (Docs. 8 and 9).  The action was referred to the Magistrate Judge on October 29, 2013.

On April 17, 2014, the Magistrate Judge filed a Report and Recommendation (Doc. 16), recommending that the final decision of the Commissioner of Social Security, denying Plaintiff's claims for Disability Insurance Benefits and Supplemental Security Income, be vacated and the action be remanded to the Commissioner for further proceedings.  Specifically, the Magistrate Judge found that the Administrative Law Judge failed to address any limitation to Plaintiff's ability to maintain concentration, persistence, or pace in her residual functional capacity assessment and that these limitations were not relayed to the Vocational Expert through a properly formulated hypothetical question.  The Magistrate Judge concluded that the Administrative Law Judge decision was not supported by substantial evidence, and he recommended that the case be remanded.

On May 1, 2014, the Defendant filed Objections (Doc. 17) to the Magistrate Judge's Report and Recommendation.  Plaintiff filed a Response (Doc. 18) to the Defendant's Objections on May 8, 2014.

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a <u>de novo</u> determination of those portions of the Report to

which objections are made.  28 U.S.C. §636(b)(1)(c); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. §636(b)(1); Local Rule 72.3.  Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

      Initially, we note that the Magistrate Judge has set forth the Standard of Review which the court must utilize in reviewing a decision of the Administrative Law Judge, as well as the five-step disability evaluation process which must be used by the Administrative Law Judge.  We will adopt these legal standards, as set forth by the Magistrate Judge.

      The Magistrate Judge then discusses Plaintiff's testimony, which was presented at the August 25, 2011 hearing before the Administrative Law Judge (T.R. 23-87).  The Magistrate Judge also discusses Plaintiff's medical records and the Administrative Law Judge's evaluation of the medical evidence and found the Administrative Law Judge's evaluation of the medical evidence to be appropriate.  However, the Magistrate Judge found that the Administrative Law Judge's assessment of residual functional capacity was not supported by substantial evidence.  Specifically, the Magistrate Judge found:

> In her RFC assessment, the ALJ noted that the state agency reviewing psychologist, Dr. Hoffman, assessed that Plaintiff had moderate limitations in concentration, persistence, or pace (TR 19). The ALJ also observed that Dr. Hoffman found that Plaintiff was moderately limited in her ability to understand and remember detailed instructions, and carry out detailed instructions. (*Id.*). However, the ALJ's RFC assessment only addressed "moderate limitations in using decision making and judgment, adjusting to work setting changes, and interacting with supervisors, co-workers and the public." (TR 17). Thus no discernable limitation in the area of maintaining concentration, persistence, or pace was incorporated within this assessment, nor did the ALJ offer any explanation for its exclusion. Further, because the

> ALJ failed to address any limitation to Plaintiff's ability to maintain concentration, persistence, or pace in her RFC assessment, these limitations were not relayed to the VE through a properly formulated hypothetical question. *Burns v. Barnhart*, 312 F.3d 113, 123 (3d Cir. 2002)("Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence."). Accordingly, having found that ALJ failed to give adequate consideration to this, and other limitations, including the functional impact of Plaintiff's auditory hallucinations, we find that the ALJ's decision is unsupported by substantial evidence, and recommend that this case be remanded.

In the Objections to the Report and Recommendation, the Defendant disagreed with the Magistrate Judge's finding that the Administrative Law Judge did not account for the moderate deficiencies in concentration, persistence, or pace opined by the state agency Psychologist, Elizabeth Hoffman, Ph.D.  Specifically, the Defendant argues that the Administrative Law Judge in her residual functional capacity assessment found Plaintiff to have moderate limitations in using decision making skills and judgment, adjusting to changes in the work setting, and interacting with supervisors, co-workers and the public.  Moreover, the Defendant asserts that at Step 5, the Administrative Law Judge identified only unskilled occupations.  The Defendant argues that these findings adequately account for any moderate deficiencies in concentration, persistence, or pace that Dr. Hoffman opined.  The Defendant then discusses Dr. Hoffman's assessments and references her findings (TR 636-641).

After reviewing the instant record, and, in particular, the Decision of the Administrative Law Judge (TR 12-22), we agree with the Magistrate Judge that the Administrative Law Judge failed to adequately address any limitation to Plaintiff's ability to maintain concentration, persistence, or pace in her residual functional capacity assessment and that these limitations were not relayed to the Vocational Expert through a properly formulated hypothetical question.  As the court stated in

Burns v. Barnhart, 312 F. 3d 113, 123 (3d Cir. 2002):

> Discussing hypothetical questions posed to vocational experts, we have said that "[w]hile the ALJ may proffer a variety of assumptions to the expert, the vocational expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual physical and mental impairments." Podedworny, 745 F.2d at 218. A hypothetical question posed to a vocational expert "must reflect all of a claimant's impairments." Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987)(emphasis added). Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence, Podedworny, 745 F.2d at 218 (citing Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1155 (3d Cir. 1983)).

As the Magistrate Judge points out, the hypothetical question presented to the Vocational Expert (TR 82-83) fails to address any limitation to Plaintiff's ability to maintain concentration, persistence, or pace. Accordingly, we agree with the Magistrate Judge that the Administrative Law Judge's decision is not supported by substantial evidence. We will adopt the recommendation and will remand the action to the Commissioner of Social Security for further proceedings. An appropriate Order follows.